UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

A<small>NTHONY</small> O<small>LIVER</small>,

 Plaintiff,

 v.

FCA US LLC,

 Defendant.

_____/

Case No. 19-cv-11738

U<small>NITED</small> S<small>TATES</small> D<small>ISTRICT</small> C<small>OURT</small>
J<small>UDGE</small> G<small>ERSHWIN</small> A. D<small>RAIN</small>

## <u>OPINION AND ORDER DENYING PLAINTIFF'S MOTION TO TRANSFER VENUE [#24]</u>

### I. I<small>NTRODUCTION</small>

On June 10, 2019, Plaintiff Anthony Oliver, proceeding *pro se*, filed his Complaint against Defendant FCA US LLC ("Defendant") alleging that his 2018 Jeep Cherokee is defective. ECF No. 1. Plaintiff brings four claims against Defendant, including (1) a violation of the Federal Magnusson-Moss Warranty Act; (2) strict liability; (3) a violation of the Michigan Consumer Protection Act, MCL § 445.903; and (4) implied warranty under Michigan tort law. *See id.*

Presently before the Court is Plaintiff's Motion to Transfer Venue, which was filed on September 17, 2019. ECF No. 24. Defendant filed its Response on October 1, 2019. ECF No. 27. The Court entered a Notice of Determination of Motion Without Oral Argument, pursuant to the Eastern District of Michigan's Local Rule

1

7.1(f)(2), on October 9, 2019.  ECF No. 28.  For the reasons that follow, the Court will **DENY** Plaintiff's Motion to Transfer Venue [#24].

## II. FACTUAL BACKGROUND

The instant action stems from a roll away incident in a Walmart parking space in Atlanta, Georgia.  Plaintiff alleges that he incurred repair costs and he lost his job as a Lyft and Uber driver as a result of the incident.  ECF No. 1, PageID.6.

In 2018, Plaintiff purportedly purchased a 2018 Jeep Cherokee that was built and manufacture by Defendant in Michigan.[1]  *Id.* at PageID.5.  In September 2019, Plaintiff alleges that he put the vehicle in "P" for park after finding a space at a Walmart parking lot in Atlanta, Georgia.  *Id.*  He explains that despite his action, the vehicle rolled away, hitting concrete parking dividers.  *Id.*

Plaintiff purports that he then "jumped in and applied the emergency break." *Id.*  Further, Plaintiff alleges that the dashboard's indicator lights were illuminated and that a message appeared on the dashboard, indicating that the shifter needed immediate service.  *Id.*  He asserts that he took pictures on his cell phone to document the vehicle; the illuminated lights; and dashboard message.  *Id.*

"Several weeks or days later," Plaintiff allegedly took the vehicle back to the dealership where he was told there was damage to the rack and pin.  *Id.* at PageID.6.

---

[1] In its Response, Defendant emphasizes that Plaintiff does not allege where the vehicle was purchased or serviced.  ECF No. 27, PageID.151.

2

According to Plaintiff, he was given an estimate of $5,000 to repair the vehicle. *Id.* Following this incident, he explains that he was unable to work as a Lyft and Uber driver, which resulted in a loss of about "$6,000 plus a month" in income. *Id.* Plaintiff lastly alleges that he had to pay out of pocket expenses for oil changes, car payments, insurance, and money for public transportation to search for employment. *Id.* at PageID.7.

Plaintiff now moves the Court to transfer this case to the Northern District of Georgia under 28 U.S.C. § 1404(a). ECF No. 24. In support of his Motion, Plaintiff submits his own affidavit. ECF No. 26. Defendant filed its Response on October 1, 2019, arguing that while venue is proper in both the Eastern District of Michigan and the Northern District of Georgia, Plaintiff has not met his burden to transfer venue to the Northern District of Georgia. ECF No. 27, PageID.155–56. Plaintiff submitted a Reply to Defendant's opposition on September 23, 2019, emphasizing that he "filed this action in the wrong District[.]"[2] ECF No. 25.

### III. LEGAL STANDARD

Title 28 U.S.C. § 1404(a) authorizes a district court's transfer of a civil action from one district to another district or division:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

---

[2] The Court notes that Plaintiff submitted his Reply brief prior to Defendant's filing of its Response.

3

28 U.S.C. § 1404(a). The moving party bears the burden of demonstrating by a preponderance of the evidence that, "in light of these factors, 'fairness and practicality strongly favor the forum to which transfer is sought.'" *Amphion, Inc. v. Buckeye Elec. Co.,* 285 F. Supp. 2d 943, 946 (E.D. Mich. 2003) (quoting *Thomas v. Home Depot U.S.A., Inc.,* 131 F. Supp. 2d 934, 936 (E.D. Mich. 2001)). Ultimately, however, the district court has broad discretion to grant or deny a motion to transfer, so long as jurisdiction is proper in either court. *Phelps v. McClellan*, 30 F.3d 658, 663 (6th Cir. 1994); *see also Flagstar Bank, FSB v. Estrella*, No. 13-cv-13973, 2013 WL 6631545, at * 1 (E.D. Mich. Dec. 17, 2013).

"A transfer pursuant to § 1404(a) requires that: (1) the action could have been brought in the proposed transferee-court; (2) a transfer would promote the interests of justice; and (3) a transfer would serve the parties' and witnesses' convenience." *Estrella*, 2013 WL 6631545, at *2 (internal citation and quotation marks omitted). The Sixth Circuit has set forth relevant factors the district court should consider when deciding whether or not to transfer a civil action. *See Moses v. Business Card Express, Inc.*, 929 F.2d 1131, 1137 (6th Cir. 1991)). Such case-specific factors include:

> (1) the convenience of the parties; (2) the convenience of the witnesses; (3) the relative ease of access to sources of proof; (4) the availability of processes to compel attendance of unwilling witnesses; (5) the cost of obtaining willing witnesses; (6) the practical problems associated with

trying the case most expeditiously and inexpensively; and (7) the interest of justice.

*Audi AG & Volkswagon of America, Inc. v. D'Amato*, 341 F. Supp. 2d 734, 749 (E.D. Mich. 2004) (quoting *MCNIC Oil & Gas Co. v. IBEX Res. Co.*, 23 F. Supp. 2d 729, 738–39 (E.D. Mich. 1998)).

Both private and public interest factors influence the court's transfer determination. Private interest factors involve the preferences and conveniences of the parties and witnesses in the case. The private interest factors include: (1) convenience of the parties and witnesses; (2) accessibility of sources of proof; (3) the costs of securing testimony from witnesses; (4) practical problems associated with trying the case in the least expensive and most expeditious fashion; and (5) the interests of justice. *Moses*, 929 F.2d at 1137. Public interest factors address broader objectives, such as the fair and efficient administration of the judicial system. The public interest factors include: (1) the relative congestion in the courts of the two forums; (2) the public's interest in having local controversies adjudicated locally; and (3) the relative familiarity of the two courts with the applicable law. *Id.*

## IV. ANALYSIS

Plaintiff filed the instant civil action in this Court in June 2019. ECF No. 1. He now moves this Court to transfer venue to the Northern District of Georgia. ECF No. 24. It is well established that "[t]he right to transfer under [28 U.S.C. § 1404(a)] is available to a plaintiff as well as a defendant. A plaintiff is not bound by his choice

5

of forums, if he later discovers that there are good reasons for transfer." *Smith v. ABN AMRO Mortg. Grp Inc.*, 434 F. App'x 454, 465 (6th Cir. 2011) (quoting *Philip Carey Mfg. Co. v. Taylor*, 286 F.2d 782, 784 (6th Cir. 1961)). Accordingly, Plaintiff's status as plaintiff does not preclude him from seeking a change of venue pursuant to § 1404(a).

As a preliminary matter, the Court acknowledges that the parties agree that venue is proper in both the Eastern District of Michigan and the Norther District of Georgia under diversity jurisdiction. ECF No. 24, PageID.132; ECF No. 27, PageID.154–55. Plaintiff is a Georgia resident, whereas Defendant is headquartered in Auburn Hills, Michigan. ECF No. 27, PageID.155. Venue is likely proper in the Northern District of Georgia under 28 U.S.C. § 1391(a) because a substantial part of the events giving rise to the instant action occurred in the Northern District of Georgia. Accordingly, the threshold requirement—that the case could have been brought in the proposed transferee-court—is satisfied. *Thomas v. Home Depot, U.S.A., Inc.*, 131 F. Supp. 2d 934, 936 (E.D. Mich. 2001); *see also United States v. Currency $96,770*, No. 16-cv-11185, 2016 WL 7367424, at *4 (E.D. Mich. Dec. 20, 2016).

The Court denotes that Plaintiff's transfer motion was filed within two weeks of this Court's Order denying his Motion to Relate Case to MDL 2744. *See* ECF No. 18. In its Order, the Court determined that "Plaintiff's action will not involve

6

substantially similar evidence, nor does it arise out of the same transaction or occurrence as the MDL proceeding" before the Honorable David M. Lawson, *In re FCA US LLC Monostable Elec. Gearshift Litig.*, No. 2:16-md-02744. *Id.* at PageID.113. The Court further notes that Plaintiff listed the MDL proceeding in the "Notes" section of his Complaint. ECF No. 1, PageID.12. The timing of Plaintiff's transfer motion leads the Court to suspect that Plaintiff may have filed his instant Motion in an attempt to forum shop upon receiving an unfavorable ruling. *See Energy Conversion Devices Liquidation Tr. v. Trina Solar Ltd.*, No. 13-14241, 2014 WL 2763648, at *2 (E.D. Mich. June 18, 2014) (collecting cases). Furthermore, the Court takes notice that Plaintiff does not allege any changed circumstances in his Motion for warranting a transfer. Nevertheless, the Court will address the "private interests of the parties, including their convenience and the convenience of potential witnesses, as well as other public-interest concerns, such as systemic integrity and fairness, which come under the rubric of 'interests of justice.'" *Currency $96,770*, 2016 WL 7367424, at *4 (quoting *Moses v. Bus. Card Exp., Inc.*, 929 F.2d 1131, 1137 (6th Cir. 1991)).

      Here, the Court finds that Plaintiff has not met his burden to show that the Northern District of Georgia is a more convenient forum than the Eastern District of Michigan. *Id.* To support his argument, Plaintiff only sets forth general statements. For example, he argues that "all witnesses reside in the Northern District of Georgia.

7

Furthermore, all of Plaintiff's witnesses from various collision centers reside in the District of Georgia as well." ECF No. 24, PageID.136. In his affidavit, Plaintiff asserts that "[a]ll of the evidence, witnesses, photographs, and other related materials are located in the Northern District of Georgia." ECF No. 29, PageID.175. While these facts may be true, Plaintiff provides no evidence to support such vague allegations and thus has not met his burden. *See, e.g.*, *Trina Solar Ltd.*, 2014 WL 2763648, at *3 (finding that the plaintiff failed to meet its burden when it argued that "because Defendants are all located in California, most of Defendants' witnesses are likely to be there"); *Mosby v. Greyhound Lines, Inc.,* No. 06-13157, 2006 WL 3206069, at *3 (E.D. Mich. Nov. 3, 2006) (citations omitted) ("A motion to transfer will be denied upon a mere allegation that witnesses are necessary without stating who they are and what their testimony will cover."); *Shapiro v. Merrill Lynch & Co.,* 634 F. Supp. 587, 590 (S.D. Ohio 1986) (moving party must specify the number of witnesses that would be inconvenienced, and the severity of the inconvenience for a § 1404(a) transfer).

Defendant concedes that the Northern District of Georgia is a more convenient forum for Plaintiff "given his current circumstances." ECF No. 27, PageID.157. It argues, however, that the Court should not weigh the convenience of Plaintiff's witnesses. The Court agrees. While it may be true that all of Plaintiff's witnesses are in Georgia, courts generally do not give weight to unsupported claims that travel costs are a burden. *See Flagstar Bank, FSB v. Estrella*, No. 13-cv-13973, 2013 WL 6631545,

8

at *2 (E.D. Mich. Dec. 17, 2013) (citing *Thomas v. Home Depot U.S.A., Inc.*, 131 F. Supp. 2d 934, 936 (E.D. Mich. 2001) (finding that the inconvenience of having to travel from Massachusetts to Michigan was not significant enough to overcome the preference for plaintiff's choice of venue). Furthermore, the Court denotes that Defendant lists its own witnesses in its Response, including technicians at FCA-authorized serving dealerships that worked on Plaintiff's vehicle, as well as an expert witness that would perform a legal inspection of Plaintiff's vehicle. ECF No. 27, PageID.150. Indeed, "[a] transfer is not appropriate if the result is simply to shift the inconvenience from one party to another." *Estrella*, 2013 WL 6631545, at *2 (citation omitted). Accordingly, the Court finds that Plaintiff has not met his burden on this factor assessing the convenience of the witnesses.

In his affidavit, Plaintiff asserts that "[a]ll of the evidence, [] photographs, and other related materials are located in the Northern District of Georgia." ECF No. 29, PageID.175. The Court emphasizes that the location of relevant documents is of no consequence. *See Davis v. Snyder*, No. 13-cv-14709, 2013 WL 6507336, at *5 (E.D. Mich. Dec. 12, 2013). "[M]odern photocopying technology and electronic storage deprive this issue of practical or legal weight." *Id.* (citation omitted). Further, the Court denotes that "[t]he location of relevant documents is largely a neutral factor in today's world of faxing, scanning, and emailing document." *Id.* (citation omitted). The Court therefore does not find that this factor weights in favor of transfer.

Next, the Court denotes that neither party has alleged that there are unwilling witnesses. Accordingly, the Court does not find that this factor should be considered in its present balancing.

The Court then should consider the cost of obtaining willing witnesses. Neither party has made arguments specifically on this point, and the Court addressed monetary considerations in the witness convenience section above. Accordingly, this factor does not weigh in favor of or against transfer.

As to the sixth consideration— practical problems associated with trying the case most expeditiously and inexpensively—the Court finds that this factor should not weigh in favor of or against transfer. Notably, Plaintiff does not speak to this factor in either his Motion or affidavit. Defendant asserts that it will file a motion for judgment on the pleadings before any significant discovery or motion practice continues. ECF No. 27, PageID.163.

Finally, the Court determines that Plaintiff has not met his burden to show that the "interests of justice" favors the Northern District of Georgia. *United States v. Currency $96,770*, No. 16-cv-11185, 2016 WL 7367424, at *4 (E.D. Mich. Dec. 20, 2016) (quoting *Moses v. Bus. Card Exp., Inc.*, 929 F.2d 1131, 1137 (6th Cir. 1991)). In *Energy Conversion Devices Liquidation Tr. v. Trina Solar Ltd.*, the district court determined that if it granted plaintiff's motion for transfer, it would thus allow plaintiff to engage in forum shopping "and thereby disserve the interests of justice."

No. 13-14241, 2014 WL 2763648, at *3 (E.D. Mich. June 18, 2014) (discussing by analogy how courts regularly grant a defendant's transfer motion when the plaintiff has engaged in forum shopping when initially filing suit). Here, as discussed above, the timing of Plaintiff's transfer motion leads the Court to suspect that Plaintiff may have filed his instant Motion after receiving an unfavorable ruling to relate his case to a MDL within this district. Accordingly, this factor should not weigh in favor of transfer.

The Court takes notice of Defendant's argument that this Court has more experience applying Michigan law than does the Northern District of Georgia. ECF No. 27, PageID.163. In his Complaint, Plaintiff alleges two claims under Michigan law (Count III: the Michigan Consumer Protection Act; and Count IV: implied warranty under Michigan tort law). ECF No. 1, PageID.8. Indeed, the Court's "interests of justice" analysis includes the consideration of whether the administration of justice will be advanced by a transfer. *Currency $96,770*, 2016 WL 7367424, at *7 (citing *Grand Kensington, LLC v. Burger King Corp.*, 81 F. Supp. 2d 834, 836 (E.D. Mich. 2000)). The Court does not doubt that the Northern District of Georgia is capable of deciding the issues and law presented in Plaintiff's case. While the Court acknowledges that this district has more experience applying Michigan law, it concludes that this factor does not weigh in favor of or against transfer.

The Court is persuaded by Defendant's argument that it has a "strong interest in having a dispute with a customer about a vehicle it manufactured decided locally." ECF No. 27, PageID.164–65.  Indeed, Plaintiff's action stems from an alleged manufacturing defect with a vehicle which was purportedly manufactured by Defendant in this district.  The Court reiterates that Plaintiff chose this forum initially to litigate his action against Defendant and presents no changed circumstances since he filed his Complaint.

In sum, Plaintiff has not met his burden of proving by a preponderance of the evidence that the Court should transfer his case. *Amphion, Inc. v. Buckeye Elec. Co.*, 285 F. Supp. 2d 943, 946 (E.D. Mich. 2003).  Plaintiff's Motion to Transfer Venue [#24] will thus be denied.  The Court is mindful and takes seriously that Plaintiff is currently in prison at Lee County Prison in Leesburg, Georgia.  *See* ECF No. 34.  However, the Court also denotes that Plaintiff was in prison at the time he chose this specific forum when he filed his Complaint.  *See* ECF No. 1.  Plaintiff's circumstances thus remain unchanged since the time of his filing his instant action.

## V. Conclusion

For the reasons articulated above, the Court will **DENY** Plaintiff's Motion to Transfer Venue [#24].

**IT IS SO ORDERED**.

Dated: June 10, 2020

/s/Gershwin A. Drain
Hon. Gerswhin A. Drain
United States District Judge

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record and on Anthony Oliver, No. 1002060648, Lee County Prison & Infirmary, 153 Pinewood Road, Leesburg, Georgia 31763 on
June 10, 2020, by electronic and/or ordinary mail.
/s/ Teresa McGovern
Case Manager