UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

A<small>NTHONY</small> O<small>LIVER</small>,

    Plaintiff,

v.

FCA US LLC,

    Defendant.

_____/

Case No. 19-cv-11738

U<small>NITED</small> S<small>TATES</small> D<small>ISTRICT</small> C<small>OURT</small>
J<small>UDGE</small> G<small>ERSHWIN</small> A. D<small>RAIN</small>

**OPINION AND ORDER GRANTING PLAINTIFF'S NOTICE OF VOLUNTARY DISMISSAL WITHOUT PREJUDICE [#51]; DISMISSING DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS [#39] AND MOTION TO EXTEND SCHEDULING ORDER DEADLINES [#40] AS MOOT; AND DISMISSING COMPLAINT WITHOUT PREJUDICE**

**I. I<small>NTRODUCTION</small>**

On June 10, 2019, Plaintiff Anthony Oliver, proceeding *pro se*, filed his Complaint against Defendant FCA US LLC ("Defendant") alleging that his 2018 Jeep Cherokee is defective. ECF No. 1. Plaintiff brings four claims against Defendant, including (1) a violation of the Federal Magnusson-Moss Warranty Act; (2) strict liability; (3) a violation of the Michigan Consumer Protection Act, MCL § 445.903; and (4) implied warranty under Michigan tort law. *See id.*

Presently before the Court is Plaintiff's Request for Dismissal Without Prejudice. ECF No. 51. After multiple attempts to have Plaintiff appear for a Status

1

Conference, the Court ordered Defendant to respond to Plaintiff's Request. ECF No. 53. Defendant timely filed its Response on March 31, 2021. ECF No. 54. Upon review of Plaintiff's Request, the Court concludes that oral argument will not aid in the disposition of this matter. Accordingly, the Court will resolve Plaintiff's Request on the relevant brief. *See* E.D. Mich. L.R. 7.1(f)(2). For the reasons that follow, the Court will **GRANT** Plaintiff's Request for Dismissal Without Prejudice [#51], therefore **DISMISSING** the present Complaint **WITHOUT PREJUDICE**; **DISMISS AS MOOT** Defendant's Motion for Judgment on the Pleadings [#39] and Motion to Extend Scheduling Order Deadlines [#40]; and **ORDER** Plaintiff to comply with the pre-filing conditions outlined below for any future filings.

## II. FACTUAL & PROCEDURAL BACKGROUND

The instant action stems from a roll away incident in a Walmart parking space in Atlanta, Georgia. Plaintiff alleges that he incurred repair costs and he lost his job as a Lyft and Uber driver as a result of the incident. ECF No. 1, PageID.6.

In 2018, Plaintiff purportedly purchased a 2018 Jeep Cherokee that was built and manufacture by Defendant in Michigan.[1] *Id.* at PageID.5. In September 2019, Plaintiff alleges that he put the vehicle in "P" for park after finding a space at a

---

[1] In its Response, Defendant emphasizes that Plaintiff does not allege where the vehicle was purchased or serviced. ECF No. 27, PageID.151.

Walmart parking lot in Atlanta, Georgia. *Id.* He explains that despite his action, the vehicle rolled away, hitting concrete parking dividers. *Id.*

Plaintiff purports that he then "jumped in and applied the emergency break." *Id.* Further, Plaintiff alleges that the dashboard's indicator lights were illuminated and that a message appeared on the dashboard, indicating that the shifter needed immediate service. *Id.* He asserts that he took pictures on his cell phone to document the vehicle; the illuminated lights; and dashboard message. *Id.*

"Several weeks or days later," Plaintiff allegedly took the vehicle back to the dealership where he was told there was damage to the rack and pin. *Id.* at PageID.6. According to Plaintiff, he was given an estimate of $5,000 to repair the vehicle. *Id.* Following this incident, he explains that he was unable to work as a Lyft and Uber driver, which resulted in a loss of about "$6,000 plus a month" in income. *Id.* Plaintiff lastly alleges that he had to pay out of pocket expenses for oil changes, car payments, insurance, and money for public transportation to search for employment. *Id.* at PageID.7.

After denying Plaintiff's separate motions to Relate Case to MDL 2744 (ECF No. 7) and Transfer Venue (ECF No. 24), the Court has attempted to meet with the parties via videoconference on multiple occasions. Specifically, the Court has scheduled a Status Conference and/or Motion Hearing on Defendant's pending Motion for Judgment on the Pleadings (ECF No. 39) and Motion to Extend

Scheduling Order Deadlines (ECF No. 40) on four separate occasions between October 13, 2020 and the date of this writing.[2]  As indicated in the Court's previous orders, Plaintiff is currently incarcerated in Georgia.  Accordingly, the Court has made sure to file Certificates of Service to Plaintiff's address following each Order and Notice of Hearing by Video Conference.  Moreover, as explained in the Court's most recent March 16, 2021 Order, the Court made multiple attempts to get in contact with Plaintiff's correctional facility in order to explore the merits of Plaintiff's recent allegations that he does not have access to the law library.  ECF No. 53, PageID.275.

### III. LEGAL STANDARD

The Court observes that Plaintiff's request for a dismissal without prejudice is governed by Federal Rule of Civil Procedure 41(a)(2).  The Rule reads, in pertinent part, that "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper."  Fed. R. Civ. P. 41(a)(2).  A court's primary consideration in assessing a request under Rule 41(a)(2) is to protect the nonmoving party from unfair treatment.  *Grover v. Eli Lilly & Co.*, 33 F.3d 716, 718 (6th Cir. 1994).  That protection is needed when the nonmovant will suffer "some plain legal prejudice other than the mere prospect of a second lawsuit."  *Id.*

---

[2] Plaintiff did not appear for any of these scheduled Status Conferences and/or Motion Hearing dates.

In assessing whether "plain legal prejudice" is apt to occur, a court considers the following factors: (1) the amount of time, effort, and expense that the defendant has incurred in trial preparation; (2) any "excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action"; (3) the sufficiency of the plaintiff's explanation for the need to dismiss; and (4) whether a defendant has filed a motion for summary judgment. *Id.* (citations omitted). These factors are merely a guide, and the plaintiff need not prevail on all of them; nor is the district court required to make any findings on the sufficiency of the plaintiff's explanation for dismissal. *Rosenthal v. Bridgestone/Firestone*, No. 05-4451, 217 F. App'x 498, 502 (6th Cir. 2007) (internal quotation marks and citation omitted).

## IV. ANALYSIS

Defendant argues that it has been prejudiced by Plaintiff's failure to prosecute this case. Specifically, Defendant asserts that it "has been prejudiced by continually incurring attorney fees appearing at several hearings for which Plaintiff did not appear and, by his failure to appear or participate, has precluded [Defendant] from receiving a ruling on its motion to dismiss." ECF No. 54, PageID.282. Moreover, Defendant contends that Plaintiff's inaction in this matter wastes judicial resources. *Id.* at PageID.279. Defendant thus argues that the Court should deny Plaintiff's present request. For the reasons set forth below, the Court disagrees. Under the circumstances of this particular case, the Court finds that the *Grover* factors weigh

5

in favor of dismissing this matter without prejudice. However, in granting Plaintiff's request for voluntary dismissal without prejudice, the Court will impose limited pre-filing conditions.

First, the Court looks to Defendant's expended time and resources thus far. *Grover*, 33 F.3d at 718. The Court acknowledges the attorney fees which Defendant has incurred for the several Status Conferences in this matter, which have been repeatedly adjourned in an effort to have Plaintiff appear via video teleconference. ECF No. 54, PageID.282. Importantly, the Court does not include any fees related to Defendant's motion practice—particularly the Motion for Judgment on the Pleadings (ECF No. 39) and the Motion to Extend Scheduling Order Deadlines (ECF No. 40)—in its present assessment. Even if Defendant incurred substantial costs in preparing such briefs, this work product could be used in a later suit should Plaintiff re-file his Complaint. *See Wargo v. Jungels*, No. 11-10195, 2012 WL 1060094, at *2 (E.D. Mich. Mar. 29, 2012); *see also Rosenthal*, 217 F. App'x at 502. The Court finds that the consideration of Defendant's incurred attorney fees, ECF No. 54, PageID.282, "lends only modest support to a finding of prejudice." *Wargo*, 2012 WL 1060094, at *2.

Second, the Court must analyze any delay and lack of diligence by Plaintiff in prosecuting the action. *Grover*, 33 F.3d at 718. Defendant asserts that "[t]here is a clear pattern of delay and inaction," as Plaintiff has failed to diligently move the case

to a conclusion. ECF No. 54, PageID.282. Defendant correctly identifies that the Court sent notice of each Notice of Hearing and Status Conference, as well as corresponding connection information, in the mail at Plaintiff's updated address. *Id.* at PageID.280. Nevertheless, the Court concludes that this factor weighs against a finding of plain legal prejudice at this juncture. As expressed above, Plaintiff is presently incarcerated in an out-of-state correctional facility. The Court has thus proceeded in this matter with careful attention to Plaintiff's ability to connect via teleconference. The Court attempted to contact Plaintiff's facility in Georgia multiple times in February and March 2021, but it was unsuccessful in each attempt. While the Court does not excuse Plaintiff's inaction entirely, it declines to hold Plaintiff to the same standard of other *pro se* plaintiffs—who are not incarcerated— who fail to appear and prosecute their cases. Indeed, the Court has previously expressed its concern for Plaintiff's assertions that he does not have access to a law library at his present correctional facility. ECF No. 53, PageID.275 (citing ECF No. 49, PageID.262 n.1). While the Court was unable to confirm these allegations, the Court remains hesitant to permit this matter to proceed forward without affording Plaintiff an opportunity to substantively respond to Defendant's Motions, including a dispositive motion. Under the particular circumstances of this case, the Court cannot conclude that Plaintiff has been guilty of excessive delay or lack of diligence on his part alone.

7

Third, the Court turns to Plaintiff's explanation of the need for dismissal. *Grover*, 33 F.3d at 718. In his Notice, Plaintiff asserts that he remains in quarantine for COVID-19 and has no access to a law library. ECF No. 51, PageID.269. He states that the "[p]rison staff will not allow [him] to leave quarantine." *Id.* The Court denotes that Plaintiff included the same explanation in his prior request for dismissal. ECF No. 49, PageID.262. Defendant does not directly challenge the sufficiency of this explanation; rather, it emphasizes that Plaintiff has never argued or asserted his lack of access to the law library has impacted his ability to appear for scheduled hearings and Status Conferences. ECF No. 54, PageID.280. At this juncture, the Court sees no reason to speculate as to the possible merits of Plaintiff's claim. To emphasize once more, the Court was unable to confirm Plaintiff's allegations related to his law library access or his ability to connect via video teleconference for prior proceedings. Accordingly, out of an abundance of caution, the Court finds that this factor does not support a finding of plain legal prejudice.

Fourth, the Court looks to whether a motion for summary judgment has been filed by the defendant. *Grover*, 33 F.3d at 718. As indicated *supra*, Defendant filed a Motion for Judgment on the Pleadings on October 6, 2020. ECF No. 39. The Court finds that this filing does not preclude dismissal. As another court within this District explained, a dispositive motion should not preclude dismissal if other factors do not indicate that the defendant will suffer plain legal prejudice. *See Ball v.*

8

*Perkins*, No. 17-cv-11212, 2018 WL 636246, at *3 (E.D. Mich. Jan. 31, 2018) (citing *Rosenthal v. Bridgestone/Firestone*, No. 05-4451, 217 F. App'x 498, 502 (6th Cir. 2007). Indeed, such a motion's existence "does not mandate a finding of plain legal prejudice." *Rosenthal*, 217 F. App'x at 502. The Court denotes that Defendant can re-submit its motion should Plaintiff re-file his Complaint. *See Wargo*, 2012 WL 1060094, at *3 ("[T]here is nothing to prevent Defendant from re-filing his summary judgment motion in this new suit.").

In sum, the *Grover* factors, when applied to the facts and particular circumstances presented in this matter, do not establish the requisite plain legal prejudice that would warrant the denial of Plaintiff's request for voluntary dismissal. Accordingly, the Court will dismiss this case without prejudice. Defendant's Motion for Judgment on the Pleadings (ECF No. 39) and Motion to Extend Scheduling Order Deadlines (ECF No. 40) are therefore dismissed as moot. *See Ball*, 2018 WL 636246, at *3 (dismissing defendant's motion for summary judgment as moot upon concluding that plaintiff's case shall be dismissed without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(2)).

As a final matter, the Court will impose limited pre-filing conditions should Plaintiff re-file his present Complaint. While the Court cannot absolutely foreclose an individual from initiating an action or pursuing an appeal in federal court, *Ortman v. Thomas,* 99 F.3d 807, 811 (6th Cir. 1996), the Court may impose certain pre-filing

9

restrictions on an individual with a history of repetitive or vexatious litigation. *See Feathers v. Chevron U.S.A., Inc.,* 141 F.3d 264, 269 (6th Cir.1998); *Ortman,* 99 F.3d at 811. Defendant argues in its Response that "Plaintiff is a familiar presence in and frequent consumer of federal courts across the country." ECF No. 54, PageID.279. It specifically points two federal courts, the Southern District of Georgia and the Central District of California, which recently imposed pre-filing conditions on Plaintiff as a vexatious litigant. *Id.*; *see also* ECF Nos. 54-1, 54-2. Defendant emphasizes that, at least since the beginning of 2019, Plaintiff has filed "a litany of actions in federal courts across the country." ECF No. 54, PageID.279 (citing ECF No. 54-1, PageID.292). Upon review of Defendant's first exhibit, which is an order from the Southern District of Georgia, it appears Plaintiff has filed "at least thirty lawsuits in federal court," in addition to numerous actions in state court. ECF No. 54-1, PageID.292. Defendant's second exhibit, which is an order from the Central District of California, also reveals that Plaintiff has filed numerous lawsuits in federal court. ECF No. 54-2, PageID.301–02. Importantly, this order reveals that Plaintiff has dismissed thirteen cases voluntarily or by joint stipulation. *Id.*

Defendant argues that these recent court orders, which included directives for pre-filing conditions, also apply to the present matter before this Court. ECF No. 54, PageID.280. While the Court declines to impose many of the pre-filing conditions akin to the orders attached to Defendant's Response in light of its

aforementioned conclusion surrounding the particular circumstances of this matter, including the fact that Plaintiff remains incarcerated and allegedly without access to a law library due to the ongoing COVID-19 pandemic, the Court will order the following pre-filing conditions:

(1) Plaintiff must include the following statement in any further filing related to this matter should he re-file his present Complaint;

> "I declare under penalty of perjury under the laws of the United States of America that each fact asserted in the foregoing is true and correct. Executed on [date]."

(2) Plaintiff must pay the Court's filing fee should he re-file his present Complaint; and

(3) Plaintiff must attach to any Complaint he files in the Eastern District of Michigan, including this case should he re-file his present Complaint, a signed affidavit swearing he has read Federal Rule of Civil Procedure 11 and will abide by its provisions.

### V. Conclusion & Order

For the reasons discussed herein, **IT IS HEREBY ORDERED** that Plaintiff's Request for Dismissal Without Prejudice [#51] is **GRANTED**. This case is therefore **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that Defendant's Motion for Judgment on the Pleadings [#39] and Motion to Extend Scheduling Order Deadlines [#40] are **DISMISSED AS MOOT.**

**IT IS FURTHER ORDERED** that Plaintiff must comply with the pre-filing order outlined above for any future filings, including:

(1) Plaintiff must include the following statement in any further filing related to this matter should he re-file his present Complaint;

> "I declare under penalty of perjury under the laws of the United States of America that each fact asserted in the foregoing is true and correct. Executed on [date]."

(2) Plaintiff must pay the Court's filing fee should he re-file his present Complaint; and

(3) Plaintiff must attach to any Complaint he files in the Eastern District of Michigan, including this case should he re-file his present Complaint, a signed affidavit swearing he has read Federal Rule of Civil Procedure 11 and will abide by its provisions.

**IT IS SO ORDERED.**

Dated: April 26, 2021

/s/Gershwin A. Drain
HON. GERSHWIN A. DRAIN
United States District Judge

12

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record and on Anthony Oliver, No. 1002060648, Wilcox State Prison, 470 South Broad Street, Abbeville, Georgia 31001 on April 26, 2021, by electronic and/or ordinary mail.

<u>/s/ Teresa McGovern</u>
Case Manager